IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TURREL DAVID, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-2564 |
| TESLA INC. et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Turrel David's Motion to Remand Case. (ECF No. 24.) David argues that the case should be remanded to the Circuit Court for Baltimore County for three reasons, none of which provide the Court with a basis to remand this case. Therefore, the Court will deny David's Motion.

First, David argues that the case should be remanded because "[t]he underlying dispute in this case is rooted in a series of events that span both federal and state law jurisdictions due to alleged violations of both federal and state laws" and "[w]hile there are federal questions in this case, it is important to note that the violations of state laws are equally significant." (*Id.*)

Federal courts have original jurisdiction over cases—like this one—that arise under federal laws. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[W]hether the federal-law claims and State-law claims

1

are part of the same case is determined by whether they derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615 (4th Cir. 2001) (citations and quotations omitted).

The Court may appropriately exercise jurisdiction over this case. David brings claims pursuant to various federal laws, including Title VII of the Civil Rights Act, 42 U.S.C. § 1981, the Equal Pay Act, the Americans with Disabilities Act, and the Occupational Health and Safety Act. The Court has original jurisdiction over these claims. Further, the Court exercises supplemental jurisdiction over his state law claims, which include claims of negligence, defamation, and breach of contract. This is because a review of David's Fourth Amended Complaint (ECF No. 7) confirms that the federal and state law claims arise out of his employment at Tesla and arise out of the same facts.

Second, David argues that his case should be remanded because it is "well-established that the United States District Court for the District of Maryland does not provide jury trials in civil cases" and that, to preserve his right to a jury trial, his case must be remanded. (ECF No. 24.) This is simply not so, and this argument does not provide a basis for remanding this case to state court.

Third, David argues that the case must be remanded because all defendants have not consented to removal. (*Id.*) However, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a),[1] all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, the defendants who have not

---

[1] 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

yet consented to removal—Elon Musk, Valerie Capers Workman, Allie Arebalo, and Troy Jones—have not yet been served. David himself conceded that these individuals have not been served. (*See* ECF No. 24.) Therefore, this argument does not provide a basis for remanding this case to state court.

Accordingly, it is ORDERED that David's Motion to Remand Case (ECF No. 24) is DENIED.

DATED this 20 day of November, 2023.

BY THE COURT:

James K. Bredar
Chief Judge