IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TURREL DAVID, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-2564 |
| TESLA INC. et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Turrel David's Fourth Amended Complaint ("Complaint") includes 10 claims against 44 Defendants, including his former employer, Tesla Inc., its officers and directors, and his former co-workers.

Pending before the Court is Defendants' Motion to Dismiss. Although it is styled only as a Motion to Dismiss, it is in fact both a motion to dismiss and a motion to compel arbitration. (*See generally* ECF No. 27.) With respect to compelling arbitration, Defendants argue that "[i]n the event that any of Plaintiff's claims are not dismissed based on the arguments [in favor of dismissing the claims under Federal Rule of Civil Procedure 12(b)(6)], Plaintiff must pursue those claims, if at all, through binding arbitration because Plaintiff and Tesla" signed an arbitration agreement that provided that "any and all disputes, claims, or causes of action . . . arising from or relating to [Plaintiff's] employment . . . will be resolved . . . by final, binding and confidential arbitration." (*Id.*) Thus, in short, Defendants invoke the judicial process to address the merits of this case, but also contend that all claims must be compelled to arbitration in the event that the Court does not dismiss them.

Defendants have provided no authority for such bifurcation—either under the law or under

the terms of the arbitration agreement. Other courts have declined to entertain the merits of claims in such circumstances. *See, e.g., Orvil Nelson & Co., Inc. v. All Am. Homes of Tenn.*, Civ. No. 5:07-239-KSF, 2008 WL 11347938, at *3 (E.D. Ky. Apr. 3, 2008) (declining to address the merits of the claims and explaining that "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." (citing *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986))); *Williams v. GC Servs. Ltd. P'ship*, Civ. No. EP-23-00205-FMMAT, 2023 WL 8008004, at *4 (W.D. Tex. Nov. 17, 2023) ("The Court declines Defendant's invitation to address the merits of Plaintiff's claims and then refer any remaining claims to arbitration.").[1]

Accordingly, Defendants shall SHOW CAUSE why such bifurcation is appropriate, with citations to authority, by January 23, 2024.

DATED this __12__ day of January, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge

---

[1] The Court makes no findings at this time relating to the enforceability of the arbitration agreement.